IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(ATHENS DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor by assignment to FIRST GEORGIA BANKING COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MLJJ PROPERTIES, LLC, MARTIN J. MULLIGAN, and LINDA D. CHAMBERLIN,<br><br>    Defendants. | CIVIL ACTION<br>NO. 3:12-cv-00046-CDL |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants MLJJ Properties, LLC, Martin J. Mulligan and Linda D. Chamberlin ("Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, MDGa., hereby file their collective response in opposition to Plaintiff's Motion for Summary Judgment [Doc. No. 21] as set forth below.

In support of their opposition brief, Defendants rely upon (i) their response to Plaintiff's Statement of Material Facts, (ii) the Affidavit of Martin J. Mulligan ("Mulligan Aff."), and (iii) all other matters of record.

1

2521153-1 111164.0004900

## INTRODUCTION

Defendants do not dispute that they executed certain loan documents in favor of non-party First Georgia Banking Company ("First Georgia") on or about January 14, 2011. Those 2011 loan documents were modifications and/or renewals of prior loan documents dating back to May of 2009, the time at which loan proceeds were disbursed to Defendant MLJJ, LLC ("MLJJ").

Plaintiff's Motion for Summary Judgment highlights two genuine issues of material fact, both of which require the denial of Plaintiff's Motion. In particular, material issues of genuine fact exist as to whether: (i) Plaintiff is the assignee of the loan documents at issue; and (ii) Plaintiff can prove the amount of any damages pursuant to the loan documents. As explained below, Plaintiff's Motion for Summary Judgment must be denied because Plaintiff has failed to demonstrate through proper and/or admissible evidence (i) that it has standing to enforce the loan documents, and (ii) the amounts owing pursuant to the loan documents.

## ARGUMENT AND CITATION TO AUTHORITY

Before hammering Defendants with a judgment for more than $380,000.00, Plaintiffs are obligated to set forth admissible evidence of certain material facts. As the record currently stands, Plaintiff has failed to show that the loan documents at issue were assigned to Plaintiff and/or that Plaintiff has standing to bring suit on

2

the loan documents at issue. Plaintiff also has failed to submit admissible evidence of how its damages were calculated pursuant to the loan documents at issue.

### A. Plaintiff Has Failed to Demonstrate Through Proper Evidence that It Has Standing to Enforce the Loan Documents.

Plaintiff's entire basis for standing in this lawsuit is a document entitled "Assignment of Loan Documents," which is attached to the Affidavit of Tom Crawford (the "Crawford Aff."). [Doc. No. 21-4.] Most notably, the "Assignment of Loan Documents" was executed by (i) **Paul R. Sparks**, as the "Executive Vice President" of the purported assignor, the Federal Deposit Insurance Corporation ("FDIC"); and (ii) **Paul R. Sparks** as the "Executive Vice President" of the purported assignee, Plaintiff. Id. In other words, Paul R. Sparks executed the single-most important document in the record as the purported authorized signatory for both the assignor and the assignee. Id. The record is devoid of any evidence demonstrating that Mr. Sparks was authorized, in November of 2011 or at any other time prior to the initiation of this lawsuit, to transfer and assign the loan documents at issue from the FDIC to Plaintiff. This omission from the record, as well as the inherent conflict-of-interest presented by Mr. Sparks' dual-dealing, raises a material issue of fact.

The "Assignment of Loan Documents," on its face, references a Limited Power of Attorney that is supposed to be attached to the document as "Exhibit B." [Crawford Aff., App. 3; Doc. No. 21-4] In reality, the summary judgment record

is devoid of an "Exhibit B" or a Limited Power of Attorney. Similarly, the real estate records of Greene County, Georgia, in which the "Assignment of Loan Documents" is filed of record, does not contain a Limited Power of Attorney or any other document authorizing Tom Crawford to assign documents from the FDIC to his employer, CertusBank. (Id.) The absence of any evidence authorizing the assignment of the loan documents at issue – or otherwise demonstrating that Plaintiff holds title in the loan documents – requires that Plaintiff's Motion for Summary Judgment be denied.

### B. Plaintiff Has Failed to Present Admissible Evidence of the Alleged Indebtedness Owing Pursuant to the Loan Documents.

"A court may only consider admissible evidence in ruling on a motion for summary judgment." Wells Fargo Bank, N.A. v. SFPD II, LLC, Civ. Action No. 1:11-CV-04001-JEC, 2013 U.S. Dist. LEXIS 18314, *9 (N.D. Ga. Feb. 12, 2013) (citing FED. R. CIV. P. 56; Mersch v. City of Dallas, 207 F.3d 732, 734-35 (5th Cir. 2000). "In order for the business records exception to the hearsay rule to apply, it must be shown that '(A) the record was made at or near the time [of the event] by . . . [a person] with knowledge; (B) the record was kept in the course of a regularly conducted activity of the business . . . [and that the] (C) making the record was a regular practice of that activity.'" Id. (quoting FED. R. EVID. 803(6)). These conditions can be 'shown by the testimony of the custodian or another qualified witness.'" Id.

4

Plaintiff's only purported "evidence" regarding the calculation of damages constitutes inadmissible hearsay. Specifically, despite allegedly acquiring title to the Note in **November of 2011**, Plaintiff attempts to introduce through the affidavit of its Senior Vice President, Tom Crawford, a "loan history statement" dating back to **May 22, 2009**.[1] Mr. Crawford is neither the custodian of the "loan payment statement" or a qualified witness. In particular, Mr. Crawford fails to explain in his Affidavit how a Bank chartered in 2011 possibly could have prepared or maintained business records in the regular course of business in 2009. Mr. Crawford does not state in his Affidavit that he was employed by First Georgia Banking Company and/or the FDIC during the 30-month period between 2009 and 2011, or that he is personally familiar with the record-keeping procedures of those entities.

Rather than explaining how an entity that was not even chartered until 2011 generated a "loan history statement" dating back to 2009, Mr. Crawford states in summary fashion that the payment histories were "made and prepared in the regular course of business and operations of Plaintiff; (ii) **made at or near the**

---

[1] Oddly, Plaintiff has not presented a single loan document pre-dating 2011 or otherwise acknowledged the pre-2011 history of the loan in moving for summary judgment. Notably, the alleged "business record" offered by Plaintiff does not even reference First Georgia Banking Company, the entity that held the Note from 2009 until at least 2011. Instead, the document, by its express terms, apparently was generated, prepared and printed by "CERTUSBANK NA," the Plaintiff in this lawsuit. CertusBank was not chartered until 2011, raising serious questions about the origin and authenticity of Plaintiff's purported "business records."

5

**times of the transactions or actions to which they refer** and (iii) made and prepared by individuals with knowledge of the transactions or actions referenced therein." [Doc. No. 21-1 at ¶ 24 (emphasis supplied)]  In the same Affidavit, Mr. Crawford expressly acknowledges that his testimony is based upon his "personal knowledge **as a bank officer of Plaintiff**." [Id. at ¶ 22 (emphasis supplied.)] Based on Plaintiff's purported 2011 acquisition of loan documents originating in 2009, the insufficiency of Mr. Crawford's affidavit testimony is indisputable.

As a matter of law, the purported "loan history statement" attached to Tom Crawford's Affidavit as Appendix 1 constitutes inadmissible hearsay. See First Citizens Bank and Trust Co. v. Hwy 81 Venture, LLC, Civ. Action No. 1:10-cv-02126-JEC, 2012 U.S. Dist. LEXIS 30353, at *15 (N.D. Ga. Mar. 6, 2012) (holding that an assignee bank officer's original affidavit regarding a loan payment history did not provide a foundation for admissible business records where the affiant "fail[ed] to demonstrate how he, an officer of plaintiff, would have any knowledge of the business practices of [the predecessor bank], or of how its records were generated or maintained"); see also Webb v. Midland Credit Management, Inc., No. 11 C 5111, 2012 U.S. Dist. LEXIS 80006, at *14 (N.D. Ill. May 31, 2012) (declining to admit assignee debt collector's account documents under the business record exception to the hearsay rule because the assignee's

affiant was "not qualified to testify as to the process by which [the assignee's successors-in-interest] created and maintained" such documents).

In the present case, Mr. Crawford simply fails to demonstrate how he, as an officer of Plaintiff, possesses any knowledge of how the payment records for this loan were generated or maintained by Plaintiff's predecessors prior to November of 2011. Even assuming *arguendo* that the loan documents were properly assigned to Plaintiff in November of 2011, **Plaintiff** could not and did not maintain any records relating to the loan in the regular course of business between May 22, 2009 and November of 2011. In other words, 42 of the 49 transactions appearing on the "loan history statement" occurred prior to Plaintiff's purported assignment of the loan documents. Accordingly, Mr. Crawford lacks personal knowledge of how those forty-two transactions predating November 2011 were recorded and maintained. See First Citizens Bank and Trust Co., 2012 U.S. Dist. LEXIS 30353 at *15. For the foregoing reasons, Plaintiff has failed to lay a proper foundation to admit the "loan payment history" under the business records exception to the hearsay rule.

Similarly, the "loan payment statement" attached to Mr. Crawford's Affidavit as Appendix 2 is nothing more than a summary of the inadmissible "loan history statement" attached to the Affidavit as Appendix 1. As the underlying document is inadmissible hearsay, the self-serving summary generated by Plaintiff

2521153-1 11164.0004900

solely for purposes of this litigation also is inadmissible. See Fed. R. Evid. 1006; United States v. Johnson, 594 F. 2d 1253, 1255 (9th Cir. 1979) (holding that "the proponent of the summary must establish that the underlying materials upon which the summary is based are admissible in evidence.") Stated differently, Plaintiff has not introduced any admissible evidence of its alleged damages in this lawsuit.

## CONCLUSION

In support of its Motion for Summary Judgment, Plaintiff has failed to satisfy its burden on two critical issues. First, Plaintiff has not demonstrated that it is the assignee of the loan documents at issue and the proper party to enforce such documents. Secondly, Plaintiff has failed to present any admissible evidence of the amounts allegedly owing pursuant to the loan documents. Because genuine issues of material fact exist, Defendants respectfully request that Plaintiff's Motion be denied.

Respectfully submitted, this, the 26th day of April, 2013.

HARTMAN SIMONS & WOOD LLP

/s/ Jared M. Lina
Samuel R. Arden
Georgia Bar No. 021228
Jared M. Lina
Georgia Bar No. 191099
6400 Powers Ferry Road, N.W., Suite 400
Atlanta, Georgia 30339
Tele: (770) 951-6590
Fax: (770) 858-1097
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served counsel for the opposing party with the foregoing by depositing a copy of same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery:

Sean A. Gordon
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
gordonsa@gtlaw.com

This 26th day of April, 2013.

/s/ Jared M. Lina
Jared M. Lina