IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(ATHENS DIVISION)

| | | |
|---|---|---|
| CERTUSBANK, N.A., as successor by assignment to FIRST GEORGIA BANKING COMPANY, | ) ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION** |
| v. | ) ) | **NO. 3:12-cv-00046-CDL** |
| MLJJ PROPERTIES, LLC, MARTIN J. MULLIGAN, and LINDA D. CHAMBERLIN, | ) ) ) ) | |
| **Defendants.** | ) ) | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE ARE ISSUES TO BE TRIED AND RESPONSE TO PLAINTIFF'S AMENDED AND RESTATED STATEMENT OF MATERIAL FACTS

Defendants MLJJ, LLC, Martin J. Mulligan and Linda D. Chamberlin ("Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, MDGa., hereby file their collective Statement of Material Facts as to Which There Are Issues to be Tried and Response to Plaintiff's Amended and Restated Statement of Material Facts [Doc. No. 27] as set forth below.

### STATEMENT OF MATERIAL FACTS AS TO WHICH THERE ARE ISSUES TO BE TRIED

1.      Plaintiff has failed to demonstrate through any admissible evidence that it is the assignee of the loan documents at issue and/or the party entitled to enforce such documents.   Specifically, the "Assignment of Loan Documents,"

upon which Plaintiff exclusively relies for standing, is executed by the same individual on behalf of both the assignor and assignee. Notably, there is no evidence in the record that the individual signatory was granted authority to assign the loan documents at issue from the FDIC to his employer.

2.    Plaintiff has failed to demonstrate through any admissible evidence the amounts allegedly owing pursuant to the loan documents. Instead, Plaintiff has introduced a single "loan history statement" that constitutes inadmissible hearsay. Specifically, Plaintiff purports to introduce the "loan history statement" under the business record exception to the hearsay rule, but Plaintiff has failed to produce a qualified custodian with any personal knowledge of how the document was generated or maintained.

## RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1.    For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 1 of Plaintiff's Statement of Material Facts ("SOF").

2.    For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 2 of Plaintiff's SOF.

3.    For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 3 of Plaintiff's SOF.

2

4.     For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 4 of Plaintiff's SOF.

5.     For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 5 of Plaintiff's SOF.

6.     For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 6 of Plaintiff's SOF.

7.     Defendants maintain there is a genuine issue of material fact with respect to paragraph 7 of Plaintiff's SOF. Specifically, the "Assignment of Loan Documents," upon which Plaintiff exclusively relies for standing, is executed by the same individual on behalf of both the assignor and assignee. Notably, there is no evidence in the record that the individual signatory was granted authority to assign multi-million dollar assets from the FDIC to his employer. See Affidavit of Martin Mulligan at ¶ 4.

8.     For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 8 of Plaintiff's SOF.

9.     For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 9 of Plaintiff's SOF.

10.    For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 10 of Plaintiff's SOF.

2521166-1 11164.0004900

11.   For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 11 of Plaintiff's SOF.

12.   For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute that amounts were advanced under the Note and never paid back.  Defendants, however, maintain there is a genuine issue of material fact with respect to the remaining allegations of paragraph 12 of Plaintiff's SOF. Plaintiff has failed to demonstrate through any admissible evidence the amounts allegedly owing pursuant to the loan documents.  Instead, Plaintiff has introduced a single "loan history statement" that constitutes inadmissible hearsay.  Specifically, Plaintiff purports to introduce the "loan history statement" under the business record exception to the hearsay rule, but Plaintiff has failed to produce a qualified custodian with any personal knowledge of how the document was generated or maintained.  Plaintiff has not satisfied its burden in proving damages.

13.   Defendants maintain there is a genuine issue of material fact with respect to the allegations of paragraph 13 of Plaintiff's SOF.  Plaintiff has failed to demonstrate through any admissible evidence the amounts allegedly owing pursuant to the loan documents.  Instead, Plaintiff has introduced a single "loan history statement" that constitutes inadmissible hearsay.  Specifically, Plaintiff purports to introduce the "loan history statement" under the business record

4

exception to the hearsay rule, but Plaintiff has failed to produce a qualified custodian with any personal knowledge of how the document was generated or maintained. Plaintiff has not satisfied its burden in proving damages.

14.    Defendants maintain there is a genuine issue of material fact with respect to the allegations of paragraph 14 of Plaintiff's SOF. Plaintiff has failed to demonstrate through any admissible evidence the amounts allegedly owing pursuant to the loan documents. Instead, Plaintiff has introduced a single "loan history statement" that constitutes inadmissible hearsay. Specifically, Plaintiff purports to introduce the "loan history statement" under the business record exception to the hearsay rule, but Plaintiff has failed to produce a qualified custodian with any personal knowledge of how the document was generated or maintained. Plaintiff has not satisfied its burden in proving damages.

15.    Defendants maintain there is a genuine issue of material fact with respect to paragraph 15 of Plaintiff's SOF. Specifically, the "Assignment of Loan Documents," upon which Plaintiff exclusively relies for standing, is executed by the same individual on behalf of both the assignor and assignee. Notably, there is no evidence in the record that the individual signatory was granted authority to assign multi-million dollar assets from the FDIC to his employer. Plaintiff also has failed to demonstrate through any admissible evidence the amounts allegedly owing pursuant to the loan documents. Instead, Plaintiff has introduced a single

5

"loan history statement" that constitutes inadmissible hearsay. Specifically, Plaintiff purports to introduce the "loan history statement" under the business record exception to the hearsay rule, but Plaintiff has failed to produce a qualified custodian with any personal knowledge of how the document was generated or maintained. As Plaintiff has failed to prove that it has standing to enforce the Note and has failed to present any admissible evidence of the amounts owing pursuant to the Note, a material issue of fact exists as to Plaintiff's alleged right to statutory attorneys' fees.

16.     Defendants maintain there is a genuine issue of material fact with respect to the allegations of paragraph 16 of Plaintiff's SOF. Plaintiff has failed to demonstrate through any admissible evidence the amounts allegedly owing pursuant to the loan documents. Instead, Plaintiff has introduced a single "loan history statement" that constitutes inadmissible hearsay. Specifically, Plaintiff purports to introduce the "loan history statement" under the business record exception to the hearsay rule, but Plaintiff has failed to produce a qualified custodian with any personal knowledge of how the document was generated or maintained. Plaintiff has not satisfied its burden in proving damages.

17.     For purposes of Plaintiff's Motion for Summary Judgment, Defendants do not dispute the factual allegations in paragraph 17 of Plaintiff's SOF.

6

Respectfully submitted, this, the 26th day of April, 2013.

HARTMAN SIMONS & WOOD LLP


/s/ Jared M. Lina
Samuel R. Arden
Georgia Bar No. 021228
Jared M. Lina
Georgia Bar No. 191099
6400 Powers Ferry Road, N.W., Suite 400
Atlanta, Georgia 30339
Tele:  (770) 951-6590
Fax:  (770) 858-1097
Counsel for Defendants

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served counsel for the opposing party with the foregoing by depositing a copy of same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery:

Sean A. Gordon
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
gordonsa@gtlaw.com

This 26th day of April, 2013.

/s/ Jared M. Lina
Jared M. Lina

2521166-1 11164.0004900